SHIRLEY C. WANG, ESQ. (SBN 187635)
swang@saberlaw.com
MATTHEW P.C. NOEL, ESQ. (SBN 242172)
mnoel@saberlaw.com
CHRISTINA M. FORST ESQ. (SBN 306632)
cforst@saberlaw.com
101 Howard Street, Suite 400
San Francisco, California 94105
Telephone:     (415) 278-1400
Facsimile:     (415) 278-1401

Attorneys for Defendants
LITHIA MOTORS, INC.; LITHIA FMF, INC.;
LITHIA FRESNO, INC.; LITHIA NF, INC.;
LITHIA NC, INC.; and HELADIO PACHECO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK IRELAND,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LITHIA MOTORS, INC.; LITHIA FMF, INC.; LITHIA FRESNO, INC.; LITHIA NF, INC.; LITHIA NC, INC.; HELADIO PACHECO; and DOES 1 through 50,<br><br>　　　　Defendants. | Case No.:<br><br>(Removed from Fresno County Superior Court Case No. 25CECG03818)<br><br>**DEFENDANTS LITHIA MOTORS, INC.; LITHIA FMF, INC.; LITHIA FRESNO, INC.; LITHIA NF, INC.; LITHIA NC, INC.; AND HELADIO PACHECO'S NOTICE OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1441 AND 1446**<br><br>Initial Complaint Filed: August 14, 2025<br>Removal Date:　　　　October 8, 2025 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF PATRICK IRELAND, AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants LITHIA MOTORS, INC.; LITHIA FMF, INC.; LITHIA FRESNO, INC.; LITHIA NF, INC.; LITHIA NC, INC.; and HELADIO PACHECO (collectively "Defendants") hereby remove the matter of *Patrick Ireland v. Lithia Motors, Inc., et al.*, pending in the Superior Court of the State of California in and for the County of Fresno, Case No.

1

Case No.:

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT UNDER 28 U.S.C.
SECTIONS 1441 AND 1446

25CECG03818, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. sections 1441 and 1446, asserting diversity jurisdiction pursuant to 28 U.S.C. section 1332.

## I.    BACKGROUND

1.   On August 14, 2025, Plaintiff PATRICK IRELAND ("Plaintiff") filed the initial Complaint in the Superior Court of the State of California, in and for the County of Fresno, entitled *Patrick Ireland v. Lithia Motors, Inc., et al.*, Case No. 25CECG03818, commencing the Civil Action. (Declaration of Matthew P.C. Noel ("Noel Decl.") ¶ 3, Exh. A; Noel Decl. ¶ 5.)

2.   Plaintiff did not serve any of the Defendants with the Complaint. (Noel Decl. ¶ 3, Exh. A; Noel Decl. ¶ 4.)

3.   On August 22, 2025, Plaintiff filed the First Amended Complaint in the Civil Action. (Noel Decl. ¶ 3, Exh. A; Noel Decl. ¶ 5.)

4.   On September 16, 2025, Plaintiff served Defendants with the First Amended Complaint in the Civil Action via Notice and Acknowledgment of Receipt. (Noel Decl. ¶ 6, Exh. B.)

5.   Counsel for Defendants executed the Notice and Acknowledgement of Receipt for each named Defendant on September 26, 2025. (Noel Decl. ¶ 7, Exh. B.)

6.   Defendants LITHIA MOTORS, INC.; LITHIA FMF, INC.; LITHIA FRESNO, INC.; LITHIA NF, INC.; LITHIA NC, INC.; and HELADIO PACHECO are the only named defendants in the Civil Action. The defendants designated as DOES 1 through 50 are fictitious defendants, are not parties to the action, have not been served, and are properly disregarded for the purpose of this removal. 28 U.S.C. § 1446(a).

## II.    TIMELINESS OF REMOVAL

7.   The Notice of Removal is timely filed as it is filed within one year of the commencement of this action (August 14, 2025) and within 30 days of receipt by Defendants of a "paper" that demonstrated the matter was removable to Federal Court, pursuant to 28 U.S.C. section 1446(b)(1). (Noel Decl. ¶ 3, Exh. A; Noel Decl. ¶ 6, Exh. B.)

## III.    PROCEEDINGS IN STATE COURT

8.   In the Civil Action, the Superior Court of the State of California in and for the County of Fresno, has set a Case Management Conference for December 30, 2025 at 3:00 p.m. There are no other

Saber Law Group
101 Howard Street, Suite 400, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

proceedings scheduled in the Civil Action. All pleadings filed with, and orders issued from, the Superior Court of the State of California in and for the County of Fresno prior to the filing of this Notice of Removal are attached as **EXHIBIT A** to the Declaration of Matthew P.C. Noel. (See Noel Decl. ¶ 8.)

## IV.    **JURISDICTION**

9.    This Court, being the United States District Court for the Eastern District of California has original jurisdiction of this action pursuant to 28 U.S.C. sections 1441(a) and 1332, because the amount in controversy exceeds $75,000 and the Plaintiff is a citizen of a State different from Defendants LITHIA MOTORS, INC.; LITHIA FMF, INC.; LITHIA FRESNO, INC.; LITHIA NF, INC.; LITHIA NC, INC.; and HELADIO PACHECO, as alleged in the First Amended Complaint. (Noel Decl. ¶ 3, Exh. A.)

### A.  Diverse Citizenship

10. Plaintiff PATRICK IRELAND's Citizenship: For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff's operative First Amended Complaint alleges that he is domiciled in the State of Tennessee. (Noel Decl. ¶ 3, Exh. A [Complaint], ¶ 4.) Plaintiff's First Amended Complaint confirmed that he is domiciled in the State of Tennessee. (Noel Decl. ¶ 3, Exh. A [First Amended Complaint], ¶ 4.) Therefore, Plaintiff currently is, and has been at all times since this action commenced, a citizen of the State of Tennessee.

11. Defendant LITHIA MOTORS, INC.'s Citizenship: A corporation is a citizen only of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), citing 28 U.S.C. section 1332(c)(1). Defendant LITHIA MOTORS, INC.'s principal place of business is the State of Oregon, and it was incorporated in Oregon. (Noel Decl. ¶ 9, Exh. C [Statement of Information Corporation].) Therefore, Defendant LITHIA MOTORS, INC. currently is, and has been at all times since this action commenced, a citizen of the State of Oregon.

12. Defendant LITHIA FMF, INC.'s Citizenship: A corporation is a citizen only of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated."

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1441 AND 1446

*Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), citing 28 U.S.C. section 1332(c)(1). Defendant LITHIA FMF, INC. was incorporated in California. (Noel Decl. ¶ 10, Exh. D [Statement of Information Corporation].) Therefore, Defendant LITHIA FMF, INC. currently is, and has been at all times since this action commenced, a citizen of the State of California.

13. Defendant LITHIA FRESNO, INC.'s Citizenship: A corporation is a citizen only of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), citing 28 U.S.C. section 1332(c)(1). Defendant LITHIA FRESNO, INC. was incorporated in California. (Noel Decl. ¶ 11, Exh. E [Statement of Information Corporation].) Therefore, Defendant LITHIA FRESNO, INC. currently is, and has been at all times since this action commenced, a citizen of the State of California.

14. Defendant LITHIA NF, INC.'s Citizenship: A corporation is a citizen only of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), citing 28 U.S.C. section 1332(c)(1). Defendant LITHIA NF, INC. was incorporated in California. (Noel Decl. ¶ 12, Exh. F [Statement of Information Corporation].) Therefore, Defendant LITHIA NF, INC. currently is, and has been at all times since this action commenced, a citizen of the State of California.

15. Defendant LITHIA NC, INC.'s Citizenship: A corporation is a citizen only of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), citing 28 U.S.C. section 1332(c)(1). Defendant LITHIA NC, INC. was incorporated in California. (Noel Decl. ¶ 13, Exh. G [Statement of Information Corporation].) Therefore, Defendant LITHIA NC, INC. currently is, and has been at all times since this action commenced, a citizen of the State of California.

16. Defendant HELADIO PACHECO's Citizenship: At the time this action was commenced, and at the time of this removal, Mr. Pacheco resides in, and was, a citizen of California.

17. The inclusion of "Doe" defendants in Plaintiff's Civil Action Complaint and First Amended Complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441(a) (stating that for the purposes of removal, the citizenship of defendant sued under fictitious name must be disregarded).

Saber Law Group

101 Howard Street, Suite 400, San Francisco, CA 94105 ● Telephone: (415) 278-1400 ● Facsimile: (415) 278-1401

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1441 AND 1446

18. For diversity purposes, true diversity exists between Plaintiff (a citizen of Tennessee) and all Defendants, being citizens of Oregon and California.

### B. Amount in Controversy

19. Federal District Courts have original jurisdiction over civil actions where the amount in controversy of a plaintiff's claims exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

20. A removing defendant must file a notice of removal in the federal forum containing a short and plain statement of the grounds for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). To establish jurisdiction, the short statement need only include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. The value of back pay may be included in the calculations for purposes of the amount-in-controversy calculation. *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 701 (9th Cir. 2007). The value of emotional distress damages and attorneys' fees may also be included in the calculations for purposes of determining the amount in controversy. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018). Defendant need only show by a preponderance of evidence that Plaintiff's claims place more than $75,000 at issue. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (noting "preponderance of the evidence" in removal papers is appropriate standard of proof for satisfaction of amount in controversy). To satisfy this standard, Defendant may support federal jurisdiction by: 1) establishing that it is facially apparent that Plaintiff's claims more likely than not exceed the amount in controversy threshold; 2) setting forth in the Notice of Removal the facts in controversy that support a finding of the requisite amount; or 3) submitting an affidavit showing that the amount-in-controversy is met. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

21. Here, Plaintiff acknowledges that more than $75,000 is in dispute. The operative First Amended Complaint states as follows: Paragraph 61: "As a direct, legal, and proximate result of Defendants' breach of the Sales Representative Compensation Plan, Plaintiff has been deprived of his rightfully earned wages and commissions. Plaintiff is due that compensation, which, upon information and belief, exceeds $400,000, according to proof at trial, as well as interest thereon, and reasonable

101 Howard Street, Suite 400, San Francisco, CA 94105 • Telephone: (415) 278-1400 • Facsimile: (415) 278-1401

Saber Law Group

attorneys' fees and costs of suit pursuant to Labor Code section 218.5."; Paragraph 96: "As a direct, legal, and proximate result of Defendants' conversion, Plaintiff has suffered losses and damages in an amount to be proven at trial, but which, upon information and belief, exceed $400,000."; Paragraph 102: "As a direct, legal, and proximate result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, lost wages, commissions, and other benefits in an amount according to proof at trial and, upon information and belief, exceeding $400,000." (Noel Decl. ¶ 3, Exh. A [First Amended Complaint] ¶¶ 61, 96, 102.) Therefore, the amount in controversy is facially evident from the operative First Amended Complaint, and said amount in controversy exceeds $75,000. *See In re Willis,* 228 F.3d 896, 897 (8th Cir.2000), internal citations omitted ("we find the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount"); *cf. Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). ("where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold").

## V.      VENUE

22. Venue lies in the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. sections 84(b), 1391(b), and 1446(a).

## VI.     SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE SUPERIOR COURT

23. Notice of this Notice of Removal will be served promptly on Plaintiff and the Clerk of the Superior Court of the State of California and for the County of Fresno.

///
///
///
///
///
///
///

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1441 AND 1446

## VII.  CONCLUSION

24. Defendants pray that the Civil Action be removed from the Superior Court of the State of California, in and for the County of Fresno, to the United States District Court for the Eastern District of California.

Dated: October 8, 2025

SABER LAW GROUP

By: _M. Noel_

SHIRLEY C. WANG
MATTHEW P.C. NOEL
CHRISTINA M. FORST
Attorneys for Defendants
LITHIA MOTORS, INC.; LITHIA FMF, INC.; LITHIA FRESNO, INC.; LITHIA NF, INC.; LITHIA NC, INC.; and HELADIO PACHECO

7                                    Case No.:

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT UNDER 28 U.S.C. SECTIONS 1441 AND 1446